# haynesboone

Direct Phone Number: (212) 659-4995
Direct Fax Number: (212) 884-8230
david.siegal@haynesboone.com

February 18, 2016

**Via ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Benjamin Wey, et al.*, 15-CR-0611 (AJN) (FM)

Dear Judge Nathan:

    We represent defendant Benjamin Wey in the above-captioned action, and write in response to the government's letter requesting an extension of the time to file a superseding indictment (Doc. No. 33). Respectfully, we oppose that motion.

    During the December 14, 2015 conference before Your Honor, the parties discussed the timing of discovery, superseder, motion practice, and trial. The Court set a schedule based on the interplay between these elements.

    From the defense's perspective, the timing of any superseder is critical to our ability to effectively review the voluminous discovery material and to formulate our pretrial motions. As we discussed during the December conference, the current indictment in this case is hopelessly bare. It charges that Mr. Wey conspired with others to manipulate the price of the stock of three separate companies, during a period of time spanning five years (beginning almost a decade ago). For two of those three stocks, the indictment fails to identify even a single trade or communication by anyone. While the indictment alleges Mr. Wey "caused" two brokers to solicit purchases of stock while simultaneously discouraging sales, it does not specify when that activity occurred, which issuer's stock was involved, or who those brokers were. The indictment charges wire fraud spanning five years without identifying a single offending wire transmission, charges securities fraud without identifying a single offending trade, and money laundering without specifying a single offending bank transfer.

    The government has provided the defense with in excess of three million documents, including thousands of pages of trading data and brokerage and bank account statements, from which (in the absence of a superseder supplying additional specificity) we must somehow divine what this case is about. During the conference, we noted that the timing of the superseding indictment was important because it would impact our ability to review the discovery and formulate the contents of our pretrial motions. (December 14 Conference at 4:3-7) With that in mind, the

Haynes and Boone, LLP
Attorneys and Counselors
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
Phone: 212.659.7300
Fax: 212.918.8989
www.haynesboone.com

15606601_6

haynes*boone*

Hon. Alison J. Nathan
February 18, 2016
Page 2

Court set a motion and trial schedule and Ordered that any superseding indictment be returned within two months (the government requested "a month or two" during the conference). (*Id.* at 4:14-5:1)

It is apparent that the equities are not on the government's side. The government has been investigating this case for at least five years. On January 25, 2012, the Government seized virtually every scrap of paper and every electronic device located at Mr. Wey's home and place of business, and discovery reveals they were investigating before June 2011. During and immediately after its search of Mr. Wey's office and home, the news media was notified by the FBI, effectively destroying Mr. Wey's business and professional reputation. Then it took nearly four more years to return the current perfunctory indictment. Now, the government requests two *more* months to supersede on the premise that it is awaiting documents pursuant to an MLAT request, but they fail to include in their letter to the Court even the most basic information: when was this MLAT request issued, how long has the government been waiting, how long before the initial indictment did they issue the request, what assurance does the government have that they will receive this information in the next two months, and what happens if they do not receive it by the extended date?

We are certainly amenable to providing courtesies with respect to scheduling issues.[1] However, we also ask the Court to take into consideration that this extension will likely impact the motion schedule and our ability to review discovery effectively and efficiently. We also note that there is still outstanding discovery to be produced by the government (of which the Court was previously made aware), which we expect may have an impact on motion practice, our defense, and the disposition of this action. Further, any additional passage of time can only further prejudice Mr. Wey as the government continues investigating, while we remain in the dark as to what the alleged wrongful conduct is. Finally, these additional delays also impact Mr. Wey's ability to return to some semblance of a normal life, as he is still burdened by a bulky ankle monitoring device.

---

[1] On a separate note, we wish to respectfully address a minor procedural issue raised by the government's letter, which stated that we failed to respond to their extension request – without explanation. (Doc. No. 33) So the Court is aware, we were not apprised by the government that it would be seeking an extension of the Court-ordered superseder deadline until 4:16 p.m. on Presidents' Day (even though we had inquired about the status of the superseding indictment over a week earlier). The government then filed their letter at 11:15 p.m. that same day, before we had a chance to confer with our client and respond. We would have been happy to discuss the issue with the government in good faith if given the opportunity, and indeed were in the process of doing so when the government filed its letter. Further, we note that the government's request fails to comply with Your Honor's Individual Rule 2.C, as it was filed on the day the superseding indictment was due, not 48 hours in advance.

15606601_6

# haynes*boone*

Hon. Alison J. Nathan
February 18, 2016
Page 3

      If Your Honor wishes to discuss this issue in more detail, we believe that a status conference would be beneficial to the parties and the Court.

                                  Respectfully submitted,

                                  David Siegal

cc:    Counsel of record (via ECF)

15606601_6